IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

FEB 1 5 2012

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

VICKI PIONTEK, *individually and on*     \*
*behalf of all others similarly situated*     \*
                \*
      Plaintiff,           \*
                \*
v.                      \*       Civil No.: **PJM 11-177**
                \*
**ATM SYSTEMS CORP.**       \*
                \*
      Defendant.          \*

## MEMORANDUM OPINION

Plaintiff Vicki Piontek has sued Defendant ATM Systems Corporation, alleging that she was charged a terminal transaction fee without proper notice in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*. On September 14, 2011, Defendant sent Plaintiff a letter offering to consent to judgment being entered against it in the amount of $1,375.00. Plaintiff subsequently accepted the offer. The only outstanding issue is the parties' dispute over reasonable attorneys' fees. For the reasons that follow, the Court will **ENTER** judgment in favor of Plaintiff in the total amount of $5,821.00.

### I.

Plaintiff alleges in her Complaint that on December 15, 2010 she withdrew $20.00 in United States currency from an automated teller machine ("ATM") operated by Defendant at the Renaissance Harborplace Hotel in Baltimore, Maryland. Defendant charged Plaintiff a terminal fee of $3.25 for the transaction. At the time of the transaction, Plaintiff alleges, there was no notice posted on or at the ATM advising customers that a fee would be charged for use of the ATM. Because Defendant failed to provide such notice, it was not permitted to charge Plaintiff or other members of the public who used the ATM any transaction fee. Plaintiff subsequently

filed a Motion for Class Certification.  On behalf of herself and all others similarly situated, Plaintiff asked the Court to issue an order certifying the class and appointing her as class representative and her attorney as counsel for the class.

Defendant timely filed a Motion to Dismiss Plaintiff's Complaint and an Opposition to Plaintiff's Motion for Class Certification.  After hearing oral argument on September 1, 2011, the Court issued an Order denying Defendant's Motion to Dismiss and Plaintiff's Motion for Class Certification.  Defendant then filed its Answer.  On September 14, 2011, Defendant sent Plaintiff its offer to consent to judgment being entered against it in the amount of $1,375.00, "together with the costs of this action and a reasonable attorneys' fee, as determined by this court, incurred by [Plaintiff] prior to the date of receipt of th[e] offer."

On September 26, 2011, Plaintiff filed a Notice of Acceptance of Offer of Judgment and Request for Entry of Judgment After Determination by the Court of a Reasonable Attorneys' Fee and Expenses.  Plaintiff asked the Court to award her $10,387.93—calculated as $1,375.00 in damages based on Defendant's offer, $412.93 in costs, and $8,600.00 in attorneys' fees.  Plaintiff attached a declaration of counsel E. David Hoskins in support of the award of attorneys' fees and costs.  Mr. Hoskins stated that he spent 21.5 hours on the case, billed at $400.00 per hour, and attached a time report documenting hours and expenses.  Per the report, Mr. Hoskins spent: 5.00 hours on "[i]nvestigation, opening file and drafting complaint"; 3.06 hours drafting "motion for class certification"; 2.00 hours "[d]rafting discovery"; 1.36 hours "[d]rafting memorandum in opposition to motion to dismiss"; 3.06 hours "[d]rafting opposition to motion to dismiss and reply in support of class certification"; 0.18 hours "[d]rafting and filing reply memorandum in support of motion for class certification"; 1.18 hours for [p]reparation for hearing on ATM

motion to dismiss"; and 5.06 hours for "[p]reparation for and attending hearing and travel to and from Courthouse."

On October 10, 2011, Defendant filed an Opposition to Plaintiff's request, arguing that the attorneys' fees and costs she seeks are unreasonable, excessive, and unsupported. Defendant maintains that her demand is not based on a reasonable number of hours expended. Defendant also claims that $400.00 per hour is not a reasonable fee based on Mr. Hoskins's age, experience, and background, as well as the locale and custom. In response, Plaintiff concedes that she incurred $350.00, not $412.93, in costs, but argues that both the number of hours Mr. Hoskins spent on the case and his hourly fee are reasonable.

## II.

In determining the reasonableness of attorneys' fees in an EFTA case, a district court considers several relevant factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Moore v. SouthTrust Corp.*, 392 F. Supp. 2d 724, 733 (E.D. Va. 2005) (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)). The district court evaluates these factors in deciding what constitutes a reasonable number of hours and a reasonable rate. *Daly v. Hill*, 790 F.2d 1071, 1078 (4th Cir. 1986). The resulting lodestar figure—the number of reasonable hours expended multiplied by a reasonable rate—is presumptively fair, but can be adjusted to account for the quality of representation and the results. *Id.*

III.

Turning first to the question of attorney time and the points on which the parties agree, the Court finds that it was reasonable for Mr. Hoskins to spend 1.36 hours drafting a Memorandum in Opposition to Defendant's Motion to Dismiss and 1.18 hours preparing for the hearing on that Motion.  Plaintiff, however, overstates the amount of time her attorney reasonably expended on other parts of the case.

Contrary to Plaintiff's argument, Mr. Hoskins did not reasonably spend 5.00 hours investigating, opening the case, and drafting the Complaint.  This was not a complex or difficult matter, and the Complaint is nearly identical to many others Plaintiff has filed in this judicial district (and presumably in other jurisdictions).  *See, e.g.*, *Piontek v. CU Serv. Network LLC*, No. PJM 10-1202.  Much of the Complaint sets forth the same applicable legal standards; the only part that had to be drafted for this specific case was the "facts" section, which is less than a single page in length.  The Court therefore finds that Mr. Hoskins reasonably spent 3.00 hours initiating the suit.

Mr. Hoskins next avers that he spent 2.00 hours "[d]rafting discovery."  The Court agrees with Defendant that it was not reasonable for Plaintiff's counsel to spend time on discovery matters when the discovery process had not yet commenced.  Plaintiff served no written discovery requests on Defendant.  Nor did Defendant serve Plaintiff with any written discovery requests.  Accordingly, Mr. Hoskins did not reasonably spend any time "[d]rafting discovery."

Plaintiff argues that she is entitled to attorneys' fees for the time it took Mr. Hoskins to draft the Motion for Class Certification and the Reply in support of class certification, as well as the time he spent preparing for the hearing on that Motion.  The Court finds that this time was not reasonably expended.  Not only was Plaintiff's Motion for Class Certification denied, but it

also closely tracks other motions for class certification that Plaintiff has filed in suits alleging violation of the EFTA. *See id.* Mr. Hoskins's time report must be revised in several respects. First, Plaintiff is not entitled to any fees for the time her attorney spent drafting the Motion for Class Certification. Second, Plaintiff cannot claim any fees for the time it took Mr. Hoskins to draft and file the Reply memorandum in support of class certification. Third, for the 3.06 hours Mr. Hoskins allegedly spent drafting the Opposition to Defendant's Motion to Dismiss and the Reply in support of class certification, Plaintiff is entitled to fees for the former, not the latter. Defendant concedes that Plaintiff's attorney expended more than half of that time on the Opposition to the Motion to the Dismiss, and the Court agrees that 1.6 hours constitutes a reasonable approximation. Fourth, Plaintiff cannot claim fees for the full 5.06 hours her attorney allegedly spent preparing for and attending the hearing on her Motion for Class Certification and Defendant's Motion to Dismiss. Defendant once again concedes that Mr. Hoskins expended more than half of that time in connection with the Motion to Dismiss, and the Court agrees that 3.1 hours is a reasonable approximation.

Finally, the Court rejects Plaintiff's contention that she is entitled to fees for the time Mr. Hoskins spent drafting a response to Defendant's Opposition to her request for attorneys' fees and costs. Defendant's Opposition highlighted several problems with the hours Plaintiff claimed her attorney reasonably expended, which the Court has identified. In sum, Mr. Hoskins reasonably spent a total of 10.24 hours on this case.

Turning to the issue of a reasonable rate, the Court finds that $400.00 per hour for Mr. Hoskins's services is reasonable. Although that number is at the high end of the guidelines provided by the Local Rules, *see* Local Rules App. B (D. Md.), Mr. Hoskins has been practicing law for over 20 years, the normal rate he charges is $400.00 per hour, and he did obtain a

favorable outcome for his client given the statutory cap on damages.  *See* 15 U.S.C. §

1693m(1)(2)(A).

Multiplying the reasonable number of hours Mr. Hoskins spent on the case (10.24) by the

reasonable rate ($400.00 per hour) yields a lodestar fee of $4,096.00.   Under the circumstances,

the Court finds no reason to adjust this presumptively reasonable fee.  Accordingly, the Court

awards Plaintiff $4,096 in attorneys' fees, as well as $350.00 in costs and $1,375.00 in damages,

for a total of $5,821.00.

## IV.

For the foregoing reasons, the Court will **ENTER** judgment in favor of Plaintiff and

against Defendant in the amount of $5,821.00.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**February 14, 2012**